**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-4200**

─────────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CLIFTON KELLY LOCKLEAR,

                Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:13-cr-00043-FL-1)

─────────────

Submitted: October 8, 2014      Decided: October 21, 2014

─────────────

Before SHEDD, WYNN, and DIAZ, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clifton Kelly Locklear pled guilty pursuant to a plea agreement to possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924 (2012). The district court sentenced him to 100 months of imprisonment — a sentence resulting from an upward variance[*] from his advisory Guidelines range of forty-six to fifty-seven months. Locklear appeals, challenging the substantive reasonableness of his sentence. Finding no error, we affirm.

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The same standard applies whether the sentence is "inside, just outside, or significantly outside the Guidelines range." United States v. Rivera-Santana, 668 F.3d 95, 100-01 (4th Cir. 2012)

---

[*] Although the district court's judgment indicates that it imposed an upward departure pursuant to U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2013), and neither party disputes this characterization on appeal, it appears from the record that the district court imposed an upward variance from the Guidelines range under 18 U.S.C. § 3553(a) (2012). Regardless of the district court's basis for the above-Guidelines sentence in this case, our review in this case remains the same. See United States v. Evans, 526 F.3d 155, 164 (4th Cir. 2008) ("[R]egardless of whether the court deviates from the advisory Guidelines range because of a Guidelines-sanctioned departure, or because of one or more § 3553(a) factors . . . we review the resulting sentence only for reasonableness.").

(internal quotation marks omitted). In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to explain sufficiently the selected sentence. Gall, 552 U.S. at 49-51. If the sentence is free of significant procedural error, we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. at 51.

When a district court imposes a sentence that falls outside of the applicable Guidelines range, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). In conducting this review, we must give due deference to the sentencing court's decision because it has "flexibility in fashioning a sentence outside of the Guidelines range," and need only "set forth enough to satisfy [this] . . . court that it has considered the parties' arguments and has a reasoned basis" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (internal quotation marks and alterations

3

omitted); see also United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (providing that sentencing court "must make an individualized assessment based on the facts presented") (internal quotation marks and emphasis omitted).

Based on our review of the record and the parties' briefs, we conclude that Locklear's above-Guidelines sentence is substantively reasonable. Although the sentence is forty-three months above the high end of the Guidelines range, the district court did not abuse its discretion in determining that such a deviation was justified by the 18 U.S.C. § 3553(a) (2012) factors, including Locklear's history and characteristics; the need to promote respect for the law; the compelling need to protect the public; and the need to afford adequate deterrence. See § 3553(a)(1), (2). See Diosdado-Star, 630 F.3d at 366-67 (affirming substantive reasonableness of variance sentence six years greater than Guidelines range because sentence was based on the district court's examination of relevant § 3553(a) factors); United States v. McNeill, 598 F.3d 161, 167 (4th Cir. 2010) (affirming the district court's upward departure based on, among other factors, the seriousness of the offense, McNeill's extensive criminal history and lack of work history, and the need to deter McNeill from future crimes).

While Locklear argues that the 100-month sentence is substantively unreasonable in light of his mental health issues,

4

we reject this argument because it essentially asks this court to substitute its judgment for that of the district court. While this court may have weighed the § 3553(a) factors differently had it imposed sentence in the first instance, we defer to the district court's decision that a 100-month sentence achieved the purposes of sentencing in Locklear's case. See United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors.").

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED